Order filed October 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00244-CV

                                                    __________

 

                                      KEITH
THOMAS, Appellant

 

                                                             V.

 

                           SHERRY
DICKINSON ET AL., Appellees



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 022488

 



 

                                                                     O
R D E R

 

            On September
6, 2011, Keith Thomas filed a notice of appeal from a judgment entered on July
13, 2011.  Upon receipt of the docketing statement and the notice of appeal,
this court wrote Thomas and informed him that his notice of appeal appeared to
be untimely under Tex. R. App. P.
26.1.  We requested that Thomas respond and provide proof that the notice of
appeal was timely filed or otherwise show grounds for continuing his appeal.  Thomas
filed a response indicating that he did not receive notice of the trial court’s
judgment until August 29, 2011, and that his notice of appeal was filed within
thirty days of the date that he received notice of the trial court’s judgment. 
We abate this appeal.  

Tex. R. Civ. P. 306a provides that, if
within twenty days after a judgment is signed, a party adversely affected by it
has neither received the required notice nor acquired actual knowledge of the
judgment, the appellate deadlines shall begin to run from the date that such
party received notice or acquired actual knowledge of the rendition of
judgment.  Rule 306a(4); see also Tex.
R. App. P. 4.2(a).  In order to establish the application of the rule,
the adversely affected party must prove in the trial court on sworn motion and
notice the date on which the party or his attorney first received notice of the
judgment or acquired actual knowledge of it and that this date was more than
twenty days after it was signed.  Rule 306a(5); Tex. R. App. P. 4.2(b).  After hearing the motion, the trial
court shall sign a written order indicating the date when the party first
received notice or acquired actual knowledge of the signing of the judgment.  Tex. R. App. P. 4.2(c). 

Thomas
has not presented to this court any finding by the trial court reflecting the
date that he received notice or acquired actual knowledge of the judgment.  Therefore,
we will abate this appeal to provide Thomas an opportunity to file with the
trial court the appropriate motion and obtain the requisite findings from that
court.  The trial court clerk is directed to furnish the trial court’s findings
to this court by November 7, 2011.  Upon receipt of the trial court’s findings,
this appeal will be reinstated.  

            The
appeal is abated.  

 

 

                                                                                                PER
CURIAM

 

October 6, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.